IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 99-31199

Summary Calendar

SAMUEL HULL,

Plaintiff-Appellant,

versus

RICHARD STALDER, Secretary,
Department of Public Safety and
Corrections; UNIDENTIFIED PARTIES,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana
(99-CV-1838-J)

September 28, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Samuel Hull, Louisiana prisoner #114055, appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition. The district court granted a certificate of appealability on the issues of whether his petition was procedurally barred and whether the application of a ten-year cleansing period to his multiple-offender proceedings was an ex-post-facto violation.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Louisiana Supreme Court denied Hull's state habeas petition raising the ex-post-facto claim. It cited Louisiana Code Crim. Proc. art. 930.3, which limits the grounds on which a prisoner may seek post-conviction relief, and *Melinie v. State*, 665 So. 2d 1172 (La. 1996), which held that article 930.3 does not allow post-conviction challenges to sentencing errors.[1] The Louisiana Supreme Court, then, rejected Hull's petition on state law grounds independent of his federal law claims.

An independent and adequate state law ground for denial of Hull's petition bars federal habeas review. *See Coleman v. Thompson*, 501 U.S. 722 (1991) (explaining the independent and adequate state ground doctrine). Even construed liberally, Hull's pro se petition does not attempt to overcome this procedural bar.[2] Thus, federal review of Hull's claim is precluded. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (failure of a pro se brief, construed liberally, to argue a point on appeal abandons the claim); Fed. R. App. P. 28(a)(9). In any case, our independent review of the record and applicable law reveals that Hull would not have been able to overcome the bar even if he had argued the point.

---

[1] Hull did not directly appeal his sentence. A direct appeal would have been the proper vehicle for challenging his sentence.

[2] Hull does challenge the district court's finding that his petition was untimely, but he fails to address the ruling that his petition is barred under *Coleman v. Thompson*.

The district court's judgment dismissing Hull's § 2254 petition is AFFIRMED.